ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| ALBERTO GONZÁLEZ PAGÁN | | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| Recurrente | | |
| v. | TA2025RA00328 | Caso Núm.: B-1150-25 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | |
| Recurrido | | Sobre: Rembolso Comisaría |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

El señor Alberto González Pagán (en adelante, señor González Pagán o Recurrente), miembro de la población correccional, solicita nuestra intervención para revisar la *Resolución* de la División de Remedios Administrativos (en adelante, DRA) del Departamento de Corrección y Rehabilitación (en adelante, DCR), emitida el 30 de septiembre de 2025.[1] En dicha determinación, el DRA confirmó y amplió la respuesta que recibió el señor González Pagán sobre la *Solicitud de Remedio Administrativo* que presentó el 1 de agosto de 2025 ante el DRA.

Por los fundamentos que exponemos a continuación, se confirma el dictamen recurrido.

### I.

El señor González Pagán, quien se encuentra bajo la custodia del DCR desde el 28 de julio de 2023, reclamó el reembolso de $47.91, por unas compras que hizo en la Comisaría de la institución penal donde se encontraba recluido. Alega que no recibió la mercancía que se detalla en las

---

[1] Véase, *Resolución* en el expediente electrónico de autos.

facturas #25030631-9317 y #25060631-1061, por compras que hizo el 5 de marzo de 2025 y el 3 de junio de 2025, respectivamente.

Según expuso, el 24 de abril de 2025 presentó su primera solicitud de remedio en la institución de Guayama 1,000, a la que se le asignó el número GMA-1000-301-25, correspondiente a la factura #25030631-9317 que recibió el 6 de marzo de 2025. Mediante Respuesta emitida el 7 de mayo de 2025, la DRA le informó que la factura cuestionada tenía su firma como que recibió los artículos despachados y le incluyó una copia.

Posteriormente, el DCR trasladó al Recurrente a la institución de Bayamón 501, donde presentó la segunda solicitud de remedio el 25 de junio de 2025, y a la que se le asignó el número B-965-25. En esta oportunidad, reclamó la devolución de su dinero por una compra de unos artículos que no le entregaron que surgen de la factura # 25060631-1061, que se le entregó en junio de 2025. También, mencionó el primer reclamo que hizo en Guayama (GMA-1000-301-25). Sostuvo que, según el personal de Comisaría, la mercancía se despachó el mismo día[2] que fue trasladado de la institución penal de Guayama a la de Bayamón.

El 21 de julio de 2025, el señor González Pagán recibió la respuesta de la DRA. En esta, se le informó que la situación expuesta debía ser resuelta por algún supervisor de la Comisaría, debido a que el área de cuentas no tenía jurisdicción para atender el asunto reclamado.

En desacuerdo, el Recurrente solicitó reconsideración el 5 de agosto de 2025. Mediante Resolución emitida el 24 de septiembre de 2025, la DRA resolvió que las firmas en las facturas que envió la compañía Carolina Catering, eran idénticas a las que aparecen en los recibos de respuestas de Remedios Administrativos entregadas al señor González Pagán. Por consiguiente, confirmó y modificó la respuesta recurrida.

El 1 de agosto de 2025, el Recurrente presentó una nueva *Solicitud de Remedio Administrativo*, en la que reiteró los argumentos esbozados en

---

[2] El Recurrente fue trasladado el 10 de junio de 2025.

las dos solicitudes anteriores.[3] Además, aseguró que la firma que aparece en las facturas por la mercancía no entregada no corresponde a ninguna de su autoría, por lo que exigió la devolución del dinero que se le facturó por la Comisaría de la institución de Guayama 1,000, correspondiente a $18.72 y $29.19, para un total de $47.91. Por último, subrayó que los productos de la Comisaría no son despachados por personal de Carolina Catering Corp., sino por Oficiales de Custodia y confinados de la institución que laboran en la tienda.

El 14 de agosto de 2025, la DRA emitió su Respuesta al Miembro de la Población Correccional. Mediante esta, desestimó el reclamo presentado por incumplimiento con los términos, según preceptuado en la Regla XII, Sección 2 del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583 de 4 de mayo de 2015 (en adelante, Reglamento 8583). Aún inconforme, el Recurrente solicitó reconsideración del remedio solicitado, al que se le asignó el número B-1150-25. Argumentó que solicitó reconsideración de las dos respuestas brindadas en sus reclamos anteriores, pero aún no se le había notificado la contestación a sus peticiones de reconsideración. En su opinión, el problema planteado no se ha solucionado efectivamente.

El 30 de septiembre de 2025, la DRA emitió una Resolución, mediante la cual confirmó la determinación recurrida. En específico, dispuso que de acuerdo con el Reglamento 8583, el Recurrente tenía 15 días calendarios, contados desde la fecha que advino en conocimiento de los hechos "que motivan su solicitud para radicar la misma". Por consiguiente, la DRA confirmó y amplió la respuesta recibida por la evaluadora de Remedios Administrativos de Bayamón, Maribel García Charriez.

Todavía en desacuerdo, el señor González Pagán acudió ante este foro intermedio para señalar que la DRA cometió los siguientes dos errores:

*PRIMER ERROR:*

---

[3] GMA-1000-301-25 y B-965-25, respectivamente.

*ERRÓ LA DRA, AL EMITIR LA RESPUESTA DE RECONSIDERACIÓN CON FACTURA #25030631-9317, LA CUAL SE PRESENTA EN EL EXPEDIENTE DEL MPC ALBERTO GONZÁLEZ PAGÁN EN DOS (2) INSTANCIAS DIFERENTES CON FIRMAS DIFERENTES DE FUNCIONARIOS DE LA COMPAÑÍA CAROLINA CATERING CORPORATION Y FECHAS DE ENTREGAS DIFERENTES, A SU VEZ LA FACTURA #25060631-1061 NO CONTIENE FECHA FEHACIENTE DE DESPACHO DE PRODUCTO SEGÚN SE DESPRENDE DEL ALEGADO DOCUMENTO SE LE IMPRIMIÓ EL DÍA VIERNES 6 DE JUNIO DE 25, NO OBSTANTE EL MÓDULO 2-G DE LA INSTITUCIÓN GUAYAMA MÁXIMA 1000 DESDE EL DÍA JUEVES 5 DE JUNIO DE 2025 SE ENCONTRABA EN REGLA 9 POR MEDIDA DE SEGURIDAD POR SITUACIÓN CON CONFINADOS, SEGUIDO POR UN REGISTRO EL DÍA LUNES 9 DE JUNIO DE 2025, LO CUAL NO PERMITÍA MOVIMIENTO DE PERSONA CIVIL A LAS UNIDADES DE VIVIENDA DE LA INSTITUCIÓN GUAYAMA MÁXIMA 1000.*

*SEGUNDO ERROR:*
*ERRÓ LA DRA, AL EMITIR UNA FACTURA CON FECHA DE JUNIO 25, CUANDO EL MPC HABÍA SIDO TRASLADADO DE LA INSTITUCIÓN PENAL DÍAS PREVIOS.*

## II.

## A.

Revisamos la *Resolución* recurrida en el caso de epígrafe al palio del Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.*, el cual dispone en lo atinente que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y. En consonancia, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.*, establece un procedimiento uniforme de revisión judicial a la acción tomada por una agencia de Gobierno al adjudicar un caso. En particular, la Sección 4.5 de la LPAUG, 3 LPRA sec. 9675, que versa sobre el alcance de la revisión judicial, estatuye que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las conclusiones de derecho; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho.

Mediante la revisión judicial, esta curia debe evaluar que la decisión administrativa encuentre apoyo en la evidencia sustancial que obre en la totalidad del expediente administrativo. El concepto *evidencia sustancial* se ha definido como aquella "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953), refrendados en *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019). Por ello, el *expediente administrativo* constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la revisión judicial ulterior. Sec. 3.18 de la LPAUG, 3 LPRA sec. 9658; *Graciani Rodríguez v. Garaje Isla Verde*, *supra,* pág. 128. Por igual, examinamos que el ente gubernamental haya realizado una aplicación o interpretación correcta de las leyes o reglamentos que se le ha encomendado administrar. Finalmente, auscultamos que el organismo haya actuado dentro de los parámetros de su ley habilitadora, no de forma arbitraria, irrazonable ni haya lesionado derechos constitucionales fundamentales. Véase, *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016).

**B.**

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional* de 4 de mayo de 2015, Reglamento Núm. 8583, crea la División de Remedios Administrativos. La Regla XII establece el procedimiento para presentar una solicitud de remedio administrativo. En su parte pertinente dispone:

> 2. El miembro de la población correccional tendrá quince (15) días calendario, contados a partir de advenir en conocimiento de los hechos que motivan su solicitud para radicar la misma, salvo que medie causa o caso fortuito que le impida realizarla. Se entenderá por justa causa o caso fortuito que el miembro de la población correccional se encuentre hospitalizado, esté siendo objeto de traslado de una institución correccional a otra o que se encuentre imposibilitado de alguna forma para cumplir con el término establecido. Bajo esta situación, el miembro de la población correccional deberá detallar las razones en su Solicitud de Remedio. [...]

En tanto, la Regla XIII dispone sobre el procedimiento que deberá seguir la DRA para emitir las respuestas de las solicitudes de remedio que presenten los confinados. En particular, establece que:

5. El Evaluador tiene la facultad para desestimar las siguientes solicitudes:

a. Que no haya cumplido con el trámite procesal del presente Reglamento; incluyendo lo establecido en la Regla VII.
[...]
c. Solicitud de Remedio radicada fuera del término establecido.
d. Solicitud de remedio radicada más de una vez sobre el mismo asunto, por el mismo miembro de la población correccional, salvo que la situación vuelva a repetirse o que no se le haya resuelto anteriormente.

### III.

Mediante el recurso de epígrafe, el señor González Pagán cuestiona la *Resolución* que resolvió la petición de reconsideración a la *Respuesta* que emitió la DRA sobre la *Solicitud de Remedio* núm. B-1150-25. Sin embargo, tanto en el alegato ante nuestra consideración como en la referida solicitud, el Recurrente esgrime los mismos reclamos que presentó previamente en sus solicitudes de remedios GMA-1000-301-25 y B-965-25, que ya fueron resueltos.

En las respuestas a los remedios solicitados bajos los números GMA-1000-301-25 y B-965-25, la DRA demostró que las facturas que cuestiona el Recurrente tenían sus iniciales en la parte de despacho. Por consiguiente, y de acuerdo con el inciso 5 de la Regla XIII del Reglamento 8583, *supra*, correspondía que la DRA desestimara su *Solicitud de Remedio* núm. B-1150-25, pues ya estas quejas las había presentado previamente y habían sido resueltas.

En consecuencia, nos vemos que el foro recurrido haya actuado de forma irrazonable o arbitraria, al confirmar la *Respuesta* que emitió la DRA sobre la petición de remedio B-1150-25, pues su decisión está basada en la prueba en el expediente y el Reglamento Núm. 8583. Así pues, procede la confirmación del dictamen recurrido.

## IV.

Por los fundamentos que anteceden, se confirma la Resolución recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones